

**SIGNED this 03rd day of May, 2012.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 12-10461-CAG |
| | § | |
| MICHELLE BAUGH | § | |
| | § | CHAPTER 13 |
| Debtor. | § | |

### ORDER IMPOSING SANCTIONS AND REQUIRING TURNOVER PURSUANT TO 11 U.S.C. § 110

On this date came on to be considered the above-styled and numbered case filed under Chapter 13 of the United States Bankruptcy Code. On March 5, 2012, the Debtor filed this case *pro se* without the required schedules, statements, and chapter 13 plan. The Pro Se Filing Questionnaire submitted by the Debtor states that the Debtor paid or promised to pay a petition preparer $600, not to exceed $1,200, for the preparation of the bankruptcy petition. The amount charged for filling out the bankruptcy petition seemed excessive to the Court. Additionally, the bankruptcy petition was not signed by the petition preparer as required by 11 U.S.C. § 110. Thus, the Court set a hearing on May 1, 2012 requiring the petition preparer, Freedom Legal Group - Enrique Garcia, appear and explain why the $600 charged for the preparation of the bankruptcy

1

petition was not excessive and why they should not be found in violation of 11 U.S.C. § 110 and required to refund all fees paid by the Debtor for the filing of the petition. Additionally, the Court found that Freedom Legal Group – Enrique Garcia should appear and show cause why they should not be found in violation of 11 U.S.C. § 110(b)-(h), why they should not be fined under 11 U.S.C. § 110 (i) and (*l*), and why they should not be enjoined from acting as a bankruptcy petition preparer under § 110(j).

At the hearing on May 1, 2012, the Debtor appeared and submitted an email she received from Enrique Garcia to the Court for review. The email states:

> Please sign and file at the Clerks office. Once filed FAX me copy of Case with case #. I will also need the Trustee Attorney information you have from Bank of America.
>
> ** IF they ask you at the court if you took counseling tell them you did but forgot certificate.

Neither Freedom Legal Group nor Enrique Garcia appeared at the hearing.

After the show cause hearing, the Court was forced to dismiss the Debtor's bankruptcy case because Freedom Legal Group and Enrique Garcia failed to prepare the Debtor's schedules and statements and such schedules and statements were not filed within 45 days of the date of the filing of the petition.

## ANALYSIS

According to 11 U.S.C. § 110(a), a bankruptcy petition preparer is a person, other than an attorney for the debtor . . . , who prepares for compensation . . . a petition or any other document prepared for filing by a debtor in a United States bankruptcy court . . . in connection with a case under this title." Along with the bankruptcy petition, 11 U.S.C. § 110(h)(2) requires the filing of a declaration under penalty of perjury by the bankruptcy petition preparer disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing

2

of the case and any unpaid fee charged to the debtor. Section 110(h)(3) requires the Court to disallow and order immediate turnover of any fee "found to be in excess of the value of any services rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the date of the filing of the petition." If a petition preparer fails to comply with a Court order to turn over funds within 30 days of service of such order, § 110(h)(5) authorizes the Court to fine the petition preparer "not more than $500 for each failure to comply."

Under 11 U.S.C. § 110(b), an individual bankruptcy petition preparer must sign the petition and print on the petition the preparer's name and address. If the petition preparer is not an individual, then "an officer principal, responsible person, or partner of the bankruptcy petition preparer" must sign the petition and print on the petition the name and address of that officer, principal, responsible person, or partner." Section 110(b) also requires the petition preparer to give the debtor written notice that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice. Such notice must be signed by the debtor and the petition preparer and be filed with the petition. Additionally, section 110(c) requires a petition preparer to place an identifying number that identifies the individual who prepared the petition on the petition. In addition, § 110(*l*)(1) authorizes the Court to fine a bankruptcy petition preparer "not more than $500" for each failure to comply with any provision of subsections (b-h). Additionally, under § 110(*l*)(2) the Court must triple the amount of such fine if it finds that the petition preparer "prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer."

In this case, Freedom Legal Group and Enrique Garcia acted as a petition preparer as defined by 11 U.S.C § 110(a) by preparing the Debtor's bankruptcy petition for filing, as evidenced by the Debtor's testimony at the hearing and the email submitted by the Debtor at the

3

hearing. Thus, Freedom Legal Group and Enrique Garcia are subject to each of the requirements imposed on bankruptcy petition preparers by 11 U.S.C. § 110.

To begin, the Court finds that Freedom Legal Group and Enrique Garcia charged the Debtor fees in excess of the value of any services rendered. Although Freedom Legal Group and Enrique Garcia prepared the Debtor's bankruptcy petition for filing, the petition preparer failed to prepare the schedules, statements, and chapter 13 plan that are required to be filed with the bankruptcy petition. As a result of Freedom Legal Group and Enrique Garcia's failure, the Debtor's bankruptcy case was summarily dismissed by operation of 11 U.S.C. § 521(i) because the schedules and statements were not filed within 45 days of the date of the filing of the petition. Thus, the Court finds that the value of Freedom Legal Group and Enrique Garcia services is zero dollars. The Court also finds that the services rendered by Freedom Legal Group and Enrique Garcia acted to the Debtor's detriment because she now has a bankruptcy on her record and if she needs to file again within the next year, she will need to file a motion and appear at a hearing to ask the Court to extend the automatic stay in accordance with 11 U.S.C. § 362(c)(3)(B). Additionally, the Debtor's home is now in jeopardy because her case has been dismissed and she no longer has the benefit of the automatic stay. The loss of the Debtor's home is especially damaging in this case because the Debtor is a single mom with two disabled children and has lost her job.

Thus, in accordance with § 110(h) the Court finds that Freedom Legal Group or Enrique Garcia immediately turnover the $600 received from the Debtor and pay the Debtor $100 to reimburse her for the filing fee she paid in this case. Should Freedom Legal Group or Enrique Garcia fail to turnover any fees received by the Debtor within 30 days, the Court will fine Freedom Legal Group and Enrique Garcia $500 for failure to comply with this Order in

accordance with § 110(h)(5). Additionally, the Court finds that Freedom Legal Group and Enrique Garcia should be held in contempt of court for failing to appear at the show cause hearing and sanctioned in the amount of $2,500 for their failure to appear, the undue harm their actions have caused the Debtor, and for instructing the Debtor to lie to the Clerk's Office about whether she had taken the credit counseling course required by 11 U.S.C. § 109. The Court also finds that such sanctions should be paid to the Debtor to compensate her for her injuries.

The Court warns both Freedom Legal Group and Enrique Garcia that their conduct in this case is unacceptable and failure to comply with the provisions of this Order will result in further fines and/or an injunction under 11 U.S.C. § 110(j)(B)(3). The Court also warns that it could find that Freedom Legal Group and Enrique Garcia at a minimum, violated 11 U.S.C. §§ 110(b), (c) and (h). When Freedom Legal Group and Enrique Garcia prepared the Debtor's petition for filing they failed to disclose that they prepared the petition as required by § 110(b)(1) and failed to file the notice required by § 110(b)(2) with the petition. Freedom Legal Group and Enrique Garcia also failed to place the identifying number of the petition preparer on the petition in violation of § 110(c) and failed to file the declaration regarding fees paid by the Debtor for their services in violation of § 110(h). Thus, the in accordance with § 110(*l*), the Court could find that Freedom Legal Group or Enrique Garcia should be fined $1,500 for failure to comply with § 110(b), (c), and (h). Additionally, the Court could find that Freedom Legal Group and Enrique Garcia prepared the petition for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer. In such case, § 110(*l*)(2) would require the Court to triple the $1,500 fine and access a total fine of $4,500. The Court will consider entering another Order to Show Cause based the provisions of § 110 outlined in this paragraph should Freedom Legal Group and Enrique Garcia fail to comply with this Order.

Additionally, the Court notes that instructing the Debtor to lie to the Clerk's Office about whether she had taken the credit counseling course required by 11 U.S.C. § 109 appears to violate 11 U.S.C. § 110(i). The Court encourages the United States Trustee to consider whether a motion under such section is appropriate given the circumstances of this case.

ACCORDINGLY, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Freedom Legal Group or Enrique Garcia immediately turnover $3,200 made payable to Michelle Baugh and mailed to 16221 Hamilton Point, Manor, Texas 78653.

IT IS FURTHER ORDERED that the Clerk of Court immediately cause a copy of this Order on to be served on Freedom Legal Group at 22641 Lake Forest Drive B5-223, Lake Forest, CA 92630 and Freedom Legal Group care of Enrique Garcia, at 22641 Lake Forest Drive B5-223, Lake Forest, CA 92630, the Debtor, the United States Trustee, and the Chapter 13 Trustee.

# # #